1
2
3
4
5
6
7
8
9

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

**FRESNO UNIFIED SCHOOL
DISTRICT,**

Plaintiff,

**v.**

**K.U., et al.,**

Defendants.

1:12-cv-01699 MJS

**ORDER DENYING REQUEST TO SEAL
DOCUMENTS**

**ORDER REQUESTING CLERK OF COURT
TO PLACE NOTICE AND REQUEST TO
SEAL ON ELECTRONIC DOCKET**

**RESPONSE BY PLAINTIFF DUE WITHIN
TWENTY (20) DAYS**

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Presently before the Court is Plaintiff Fresno Unified School District's summary judgment motion. Plaintiff has also filed a notice of request to seal documents provided in support of the summary judgment motion. Plaintiff requests to seal "any and all pleadings, documents, declarations and evidence" related to Plaintiff's summary judgment motion, and Plaintiff's opposition to Defendant's summary judgment motion.[1] Plaintiff has sent copies of all the documents relating to the motions to seal and summary judgment directly to chambers, and has not filed any documents, including notices of the motions to seal and motion for summary judgment, on the Court's Case Management/Electronic Case Files system for public notice.

---

[1] The Court notes that it is not in receipt of a summary judgment motion by Defendants at the time of the issuance of this order.

1

With regard to the reason for sealing all the documents related to summary judgment, Plaintiff provides the following reasons:

> This requested order to seal said documents is necessary to maintain privacy of K.U. in accordance with the Family Education Rights and Privacy Act (FERPA) (20 U.S.C. § 1232g; 34 CFR Part 99) ant the Individuals with Disabilities Education Act, as amended (IDEA (20 U.S.C. § 1400 et seq.).

As described below, Plaintiff failed to comply with requirements of Local Rule 141 in requesting documents be sealed. Further, Plaintiff has not provided sufficient grounds for sealing records under the "compelling reasons" standard, and most importantly have not described how the request to seal is narrowly tailored to protect Defendant K.U.'s privacy while allowing for the strong public interest in access to judicial records.

## I.   FACTUAL BACKGROUND

In this action Plaintiff asserts that based on the actions of Defendants, it was unable to comply with the terms of the August 3, 2012 Office of Administrative Hearings decision. In light of the parent's alleged non-compliance with the decision, Plaintiff requests that the Court grant relief that the Court deems appropriate, including amending or modifying the administrative hearing to relieve Plaintiff of providing Defendant K.U. with a free and appropriate public education until Parent complies and makes Defendant reasonably available for an assessment by an evaluator.

## II.   LEGAL STANDARD FOR SEALING DOCUMENTS

Courts have long recognized a "general right to inspect and copy public records and documents, including judicial records and documents." Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978) (denying release of the "Nixon tapes" that were played in open court and entered into evidence). "This right extends to pretrial documents filed in civil cases." Estate of Migliaccio v. Allianz Life Ins. Co. (In re Midlan Nat'l Life Ins. Co. Annuity Sales Practices Lit.), 686 F.3d 1115, 1119 (9th Cir. 2012) (per curiam). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." Kamakana v. City and Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122,

1  1135 (9th Cir. 2003)). In order to overcome this strong presumption, a party seeking to

2  seal a judicial record must articulate justifications for sealing that outweigh the historical

3  right of access and the public policies favoring disclosure. See id. at 1178-79.

4       The Ninth Circuit has determined that the public's interest in non-dispositive

5  motions is relatively lower than its interest in trial or a dispositive motion. Accordingly, a

6  party seeking to seal a document attached to a non-dispositive motion need only

7  demonstrate "good cause" to justify sealing. Pintos v. Pac. Creditors Ass'n, 605 F.3d

8  665, 678 (9th Cir. 2010) (applying "good cause" standard to all non-dispositive motions

9  because such motions "are often unrelated, or only tangentially related, to the underlying

10  cause of action"). "The party seeking protection bears the burden of showing specific

11  prejudice or harm will result if no [protection] is granted." Phillips v. Gen. Motors Corp.,

12  307 F.3d 1206, 1210-11 (9th Cir. 2002). That party must make a "*particularized showing*

13  of good cause with respect to any individual document." San Jose Mercury News, Inc. v.

14  U.S. Dist. Court, N. Dist. (San Jose), 187 F.3d 1096, 1103 (9th Cir. 1999) (emphasis

15  added). "Broad allegations of harm, unsubstantiated by specific examples or articulated

16  reasoning" are insufficient. Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 476 (9th

17  Cir.) (quoting Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1121 (3rd Cir. 1986)), cert.

18  denied, 506 U.S. 868, 113 S. Ct. 197, 121 L. Ed. 2d 140 (1992).

19       Conversely, "the resolution of a dispute on the merits, whether by trial or

20  summary judgment, is at the heart of the interest in ensuring the 'public's understanding

21  of the judicial process and of significant public events.'" Kamakana, 447 F.3d at 1179

22  (quoting Valley Broad. Co. v. U.S. Dist. Court for Dist. of Nev., 798 F.2d 1289, 1294 (9th

23  Cir. 1986)). Accordingly, a party seeking to seal a judicial record attached to a dispositive

24  motion or one that is presented at trial must articulate "compelling reasons" in favor of

25  sealing. See id. at 1178. "The mere fact that the production of records may lead to a

26  litigant's embarrassment, incrimination, or exposure to further litigation will not, without

27  more, compel the court to seal its records." Id. at 1179 (citing Foltz, 331 F.3d at 1136).

28  "In general, 'compelling reasons' . . . exist when such 'court files might have become a

1   vehicle for improper purposes,' such as the use of records to gratify private spite,

2   promote public scandal, circulate libelous statements, or release trade secrets." Id.

3   (citing Nixon, 435 U.S. at 598).

4           Under the "compelling reasons" standard, a district court must weigh "relevant

5   factors," base its decision "on a compelling reason," and "articulate the factual basis for

6   its ruling, without relying on hypothesis or conjecture." Pintos, 605 F.3d at 679 (quoting

7   Hagestad v. Tragesser, 49 F.3d 1430, 1434 (9th Cir. 1995)). "[S]ources of business

8   information that might harm a litigant's competitive standing" often warrant protection

9   under seal. Nixon, 435 U.S. at 598.

10          Here, the request to seal is filed in conjunction with a summary judgment motion,

11  and the compelling reason standard applies.

12  **III.    ANALYSIS**

13          First, Plaintiff has failed to comply with Local Rule 141 regarding the sealing of

14  documents. Local Rule 141(b) requires parties in civil actions to file the notice of request

15  to seal documents on the electronic docket. Plaintiff has failed to do so. Accordingly, the

16  Court shall order that Plaintiff's request to seal be publically filed.

17          Further, Plaintiff's request for sealing all documents including notice and pleading

18  related to the summary judgment motion is grossly overbroad. While the court is aware

19  of Defendants' privacy concerns, Plaintiff has not provided compelling reasons why all

20  documents should be sealed. In addition to failing to address the compelling reason

21  standard, Plaintiff's request to seal fails to meet the particularity required under Local

22  Rule 141 which requires parties to specifically address "the statutory or other authority

23  for sealing, the requested duration, the identity, by name or category, of persons to be

24  permitted access to the documents, and all other relevant information." Local Rule 141.

25  Further, "[t]he documents for which sealing is requested shall be paginated

26  consecutively so that they may be identified without reference to their content, and the

27  total number of submitted pages shall be stated in the request." Id.

28          Counsel for Plaintiff is clearly aware that many cases are filed in federal court

1   requesting review of administrative decisions relating to education decisions. However,

2   in most instances redacting the name of the minor child to the child's initials is sufficient.

3   See, e.g., Z.F. v. Ripon Unified Sch. Dist., 2012 U.S. Dist. LEXIS 110986 (E.D. Cal. Aug.

4   7, 2012). Here, counsel's arguments are conclusary and insufficient to grant the request

5   to seal. In its response, should Plaintiff request more than redacting the name of the

6   minor child, Plaintiff shall address why such sealing is appropriate especially in light of

7   the fact that much of the information has been published and made public by local

8   media.[2]

9   **IV.    ORDER**

10          The Court hereby orders the following:

11          1.      The Clerk of Court is directed to file Plaintiff's notice and request to seal on

12  the public docket;

13          2.      Plaintiff's request to seal is hereby DENIED without prejudice. Plaintiff is

14  hereby ORDERED to either (1) file a renewed notice and request to seal documents

15  complying with the requirements of Local Rule 141 and providing specific and compelling

16  reasons for sealing within twenty (20) days of the issuance of this order, or (2) file the

17  motion for summary judgment and all related documents redacting Defendant K.U.'s

18  name and replacing it with the initials "K.U.," and redacting any other information

19  specified in Local Rule 140(a).

20

21  IT IS SO ORDERED.

22      Dated:   __January 29, 2014__          ___/s/ _Michael J. Seng___

23                                              UNITED STATES MAGISTRATE JUDGE

24

25

26

---

27      [2] See Hannah Furfaro, *Fresno Unified broke rules governing special-needs student, judge says*, Fresno Bee, Jan. 27, 2014, http://www.fresnobee.com/2014/01/27/3735817/fresno-unified-broke-rules-governing.html.

28